UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| Iris V. Colon, | ) | No. 16 B 09951 |
| | ) | |
| Debtor. | ) | Judge Thorne |

## MEMORANDUM OPINION

This matter is before the court on the Motion to Dismiss Case for Unreasonable Delay (the "Motion") filed by the Trustee Marilyn O. Marshall (the "Trustee") on March 23, 2016 against Iris V. Colon (the "Debtor"). (Dkt. No. 26). In the Motion, the Trustee asks the court to dismiss the Debtor's bankruptcy case for a series of errors made by the Debtor. The listed failures of the Debtor have been resolved throughout the bankruptcy proceeding except for one—correcting the deductions within the Debtor's disposable income calculation. The Trustee requests that the court reject the proposed plan of the Debtor and dismiss the bankruptcy case. (Dkt. No. 50, ¶ 11). The Trustee argues that the Debtor listed a secured debt in her disposable income calculation that is not "reasonably necessary" under 11 U.S.C. § 707(b)(2)(A)(iii)(I) and is, therefore, cause for denial of plan confirmation and case dismissal. Next, the Trustee alleges that the Debtor's listing of a secured debt deduction within her disposable income constitutes a lack of "good faith" under 11 U.S.C. § 1325(a)(3) and is grounds for the Trustee's sought relief.

For the reasons stated below, the court concludes that "reasonably necessary" is irrelevant to section 707(b)(2)(A)(iii)(I), and the Trustee has failed to establish a lack of good faith by the Debtor under 11 U.S.C. § 1325(a)(3). The Court overrules the Trustee's Motion.

This Memorandum Opinion constitutes the court's findings of fact and conclusions of law in uniformity with FED. R. BANKR. P. 7052. A separate judgment order will be entered pursuant to FED. R. BANKR. P. 9021.

### A. Jurisdiction

The court has subject matter jurisdiction to decide this matter under 28 U.S.C. § 1334(b) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. A motion to dismiss under section 707(b) is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L), & (O).

### B. Background & Procedural History

The Debtor is a chapter 13 debtor. (Dkt. No. 1). She has listed a $916.00 monthly mortgage payment for her primary residence and $297.28 monthly payment for a 2006 Canterbury Park Camper (the "Camper") as secured debt deductions in her disposable income calculation. (Dkt. No. 28, pp. 2 & 5). The Debtor's income is over the state median. *Id.* at 8.

The Trustee filed a motion to dismiss listing six reasons in support. (Dkt. No. 26). As stated above, the only remaining issue is that "[t]he debtor(s) have failed to amend the means test to correct improper deductions or to provide requested and required proof thereof." *Id.* The Debtor filed a response (Dkt. No. 42), and the Trustee filed a reply, (Dkt. No. 49). The Debtor filed a sur reply. (Dkt. No. 51).

### C. Discussion

The crux of the issue is whether the Debtor's placement of the Camper as a secured debt deduction under section 707(b)(2)(A)(iii)(I) in her disposable income calculation is reason alone to deny plan confirmation and dismiss the case. Trustee provides two arguments for why the Debtor's action warrants denial and dismissal. First, section 707(b)(2)(A)(iii)(I) requires that a

4

debtor list out secured debts that are only "reasonably necessary." Because the Debtor already has a primary house, the Camper is unnecessary and improperly listed. Second, the Trustee argues that even if there is no "reasonably necessary" standard applied to section 707(b)(2)(A)(iii)(I), the court should deny confirmation and dismiss the case, because Debtor lacked good faith when proposing the chapter 13 plan.[1] The court addresses each argument below.

### 1. *Calculation of the Debtor's Projected Disposable Income*

When a chapter 13 debtor is above the median income of their state, section 1325(b)(3) provides that section 707(b)(2) will determine the debtor's expenses. Section 707(b)(2)(A)(iii)(I) states that "[t]he debtor's average monthly payments on account of secured debts shall be calculated as the sum—of the total of all amounts scheduled as contractually due to secured creditors in each month of the 60 months following the date of the filing of the petition[.]" Such secured payments can be deducted from a debtor's disposable income.

Since the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), many courts subscribe to the notion that a bankruptcy court cannot determine whether an expense is "reasonably necessary" under section 707(b)(2). *See Drummond v. Welsh (In re Welsh)*, 465 B.R. 843, 849-50 (B.A.P. 9th Cir. 2012) (concluding that the legislative history confirms that there is no subjective standard attached to section 707(b)(2)); *In re Reinstein*, 393 B.R. 838 (Bankr. E.D. Wis. 2008); *In re Franco*, 2008 Bankr. LEXIS 409, *4-6 (Bankr. S.D. Ill. Feb. 12, 2008); *In re Sallee*, 2007 Bankr. LEXIS 4188, *5-6 (Bankr. S.D. Ill. Nov. 15, 2007); *and In re Carlton*, 362 B.R. 402, 411 (Bankr. C.D. Ill. 2007). *See also* Eugene R. Wedoff, *Means Testing in the New § 707(b)*, 79 AM. BANKR. L.J. 231, 274 (2005)

---

[1] The Trustee does not appear to allege that the Debtor lacked good faith when filing for bankruptcy—a requirement under section 1325(a)(7).

(explaining deduction for payments on secured debt is not dependent on whether the property securing the debt is necessary or a luxury).

Rather, the court must determine whether a particular expense is allowed by section 707(b)(2). If an expense is allowed under section 707(b)(2), it meets the new definition of "reasonably necessary" and the court cannot assess whether the expense is "reasonably necessary." The Seventh Circuit has not specifically ruled on section 707 (b)(2)(A)(iii)(I) nor has the Northern District of Illinois. *But cf. In re Farrar-Johnson*, 353 B.R. 224, 229-233 (Bankr. N.D. Ill. 2006) (Goldgar, J.) (ruling that there is no subjective standard in reference to section 707 (b)(2)(A)(ii)(I)).

Some courts, however, find that a subjective test is still appropriate for deductions under section 707(b)(2). *In re Owsley*, 384 B.R. 739, 748 (Bankr. N.D. Tex. 2008); *In re McGillis*, 370 B.R. 720, 729-30 (Bankr. W.D. Mich. 2007).

Given that the Northern District of Illinois has ruled in the past that one subsection of section 707(b)(2) has no subjective test attached to it and the overall agreement from other bankruptcy courts within the Seventh Circuit, the court will not impose a "reasonably necessary" standard to deductions made under section 707(b)(2)(A)(iii)(I).

In this case, Debtor listed the secured debt of the Camper in her disposable income calculation. The listing is proper under section 707(b)(2)(A)(iii)(I) and does not have to satisfy a "reasonably necessary" standard. As such, the court will not reject the Debtor's proposed plan or dismiss the Debtor's case based on the Trustee's assertion that the Camper is not a "reasonably necessary" expense.

The court will next examine whether the Debtor's listing of a secured debt is inapposite to the "good faith" requirement under section 1325(a)(3).

6

### 2. *"Good Faith" Inquiry of the Proposed Chapter 13 Plan*

Section 1325(a)(3) requires that a debtor's plan be proposed in good faith. 11 U.S.C. § 1325(a)(3). While assessing good faith for section 1325 depends on the "totality of the circumstances," the primary question is whether the debtor is "really trying to pay the creditors to the reasonable limit of [their] ability or [are they] trying to thwart them?" *In re Schaitz*, 913 F.2d 452, 453-54 (7th Cir. 1990); *see In re Rimgale*, 669 F.2d 426, 433 (7th Cir. 1982) ("Broadly speaking, the basic inquiry should be whether or not under case circumstances there has been abuse of Chapter 13's provisions, purpose, or spirit.").

The Seventh Circuit has ruled that dismissal of a bankruptcy case is a harsh remedy and that a bankruptcy court should be more inclined to reject a plan when confronted with the two options in a good faith assessment. *In re Love*, 957 F.2d 1350, 1356 (7th Cir. 1992).

"[O]n request of a party in interest or the United States Trustee and after notice and a hearing, the court . . . may dismiss a case under this chapter . . . for cause, including—denial of confirmation of a plan under section 1325 . . . ." 11 U.S.C. § 1307(c)(5). Lack of good faith in proposing a chapter 13 plan is "cause" to dismiss a debtor's case. *Love*, 957 F.2d at 1354 (adopting the "good faith" standards in filing for bankruptcy under section 1325(a)(7) and applying them to section 1325(a)(3)).

The trustee has the burden of proof to challenge the debtor's good faith in proposing the plan. *See id.* at 1355. The debtor has the burden to meet all of the requirements of a good faith proposal under section 1325(a). *See id.* Although it is not clearly laid out in many cases, the burden of proof is by a preponderance of the evidence. *See In re Bloomingdale Partners*, 155 B.R. 961, 983 (Bankr. N.D. Ill. 1993) (Barliant, J.) (suggesting that "preponderance of the

7

evidence" is the appropriate standard, unless an important individual interest hangs in the balance).

The Seventh Circuit has supplied several factors to consider for a good faith inquiry of a proposed plan: (1) whether the plan states the secured and unsecured debts of the debtor accurately; (2) whether the plan states the expenses of the debtor accurately; (3) whether the percentage of repayment of unsecured debts is correct; (4) whether inaccuracies in the plan amount to an attempt to mislead the bankruptcy court; and (5) whether the proposed payments indicate a fundamental fairness in dealing with creditors. *Rimgale*, 669 F.2d at 432-33. Because *Rimgale* occurred over two decades before the enactment of BAPCPA, its impact is relatively limited but is still somewhat applicable in reference to a good faith inquiry of a proposed chapter 13 plan. *In re Shafer*, 393 B.R. 655 (W.D. Wis. 2008); *see In re Neal*, 2014 Bankr. LEXIS 1581, *27-28 (Bankr. N.D. Ill. Apr. 8, 2014) (Schmetterer, J.) (looking towards the accuracy of the debtors' reported income, purported misleading expenses, and overall fairness).

The court now turns to the Trustee's objection under good faith. The Trustee argues that the Debtor's proposed plan that includes the Camper and her primary residence lacks good faith, because she would essentially have two residences. Bankruptcy courts vary widely on how to rule on a non-essential secured debt in regards to good faith of an above-median income debtor's proposed chapter 13 plan. The Trustee relies on cases that ultimately conclude that "good faith" under section 1325(a)(3) can override any deductions made pursuant to section 707(b)(2).[2] *In re Martin*, 373 B.R. 731, 736 (Bankr. D. Utah 2007) (ruling that the inclusion of the debtor's luxury boat in their proposed plan was fundamentally inappropriate); *In re Hylton*, 374 B.R. 579, 586

---

[2] The Trustee also cites to *In re Namie*, 395 B.R. 594 (Bankr. D.S.C. 2008) (denying a debtor's proposed plan that would include a secured deduction that exceeded the debtor's net income). That case, however, appears to have relied on caselaw that occurred prior to BAPCPA and has since been superseded. *In re Wick*, 421 B.R 206, 216 (Bankr. D. Md. 2010).

8

(Bankr. W.D. Va. 2007) (rejecting a plan in which the debtor listed two vehicles and a recreational boat). Other courts have also utilized a "smell test" to determine if a proposed chapter 13 plan is fair to creditors in regards to a debtor's secured debt deductions. *In re Sandburg*, 433 B.R. 837, 845-46 (Bankr. D. Kan. 2010); *In re Devilliers*, 358 B.R. 849, 867 (Bankr. E.D. La. 2007); *McGillis*, 370 B.R. at 750. Branching off of this approach, but with a stronger threshold, some courts will still subject a secured debt expense to a "good faith" inquiry when there is some sort of "manipulation, subterfuge or unfair exploitation of the Code by the Debtor." *In re Williams*, 394 B.R. 550, 572 (Bankr. D. Colo. 2008); *see In re Briscoe*, 374 B.R. 1, 22 (Bankr. D.D.C. 2007).

Another approach is to rule that the listed expenses of a debtor are not subject to the "good faith" inquiry at all. *In re Alexander*, 344 B.R. 742, 752 (Bankr. E.D.N.C. 2006). *Farrar-Johnson* ruled (or at the very least, other courts have found the case to rule, *Welsh*, 465 B.R. at 854) that section 1325(b) creates a safe harbor in which listing out expenses cannot demonstrate a lack of good faith. *Farrar-Johnson*, 353 B.R. at 231-233 ("The disposable income a debtor decides to commit to his plan is not the measure of his good faith in proposing the plan."); *see In re Burmeister*, 378 B.R. 227, 232 (Bankr. N.D. Ill. 2006) (Goldgar, J.) ("Lack of good faith is not a proper basis for objecting to a miscalculation of disposable income.").

Finally, a growing trend in bankruptcy courts is to hold that a "good faith" inquiry is still applicable to the Debtor's disposable income calculation, however, listing a secured debt in compliance with the Bankruptcy Code cannot, on its own, establish a lack of good faith. *Welsh*, 465 B.R. at 854-55; *Franco*, 2008 Bankr. LEXIS 409, at *4-6; *Sallee*, 2007 Bankr. LEXIS 4188, at *5-6.

Aligning with *Farrar-Johnson*, the court finds that listing a secured debt pursuant to

9

section 707(b)(2)(A)(iii)(I) is not subject to a "good faith" inquiry. "If the reasonable necessity of a debtor's expenses is no longer relevant, then plainly the debtor's 'good faith' in claiming them cannot be relevant." *Farrar-Johnson*, 353 B.R. at 232. If the Debtor in this case had in fact improperly listed an expense or made a misrepresentation in the calculation, the Trustee should have filed their objection based on failure to comply with section 1325(b). The court, however, finds that the Debtor correctly listed the Camper. Nothing provided by the Trustee establishes a lack of good faith on behalf of the Debtor.[3]

The court cannot conclude that the Debtor failed to propose a plan in good faith when operating within the parameters of the Bankruptcy Code.[4] Because the Trustee failed to establish a lack of good faith in the Debtor proposing the plan, the court overrules the Motion.

## Conclusion

A "reasonably necessary" standard is irrelevant to section 707(b)(2)(A)(iii)(I). Because the Trustee failed to meet her burden to establish that the Debtor lacked good faith when proposing their chapter 13 plan, the court overrules the Motion. An Order will be entered.

ENTER:

Deborah L. Thorne
United States Bankruptcy Judge

Dated: December 29, 2016

---

[3] Although the court does not believe that the Debtor's plan produces a peculiar result, the Supreme Court in *Ransom* acknowledged that the BAPCPA created a mechanical approach to determining a debtor's expenses and eliminates a case-by-case analysis. *Ransom v. FIA Card Servs., N.A.*, 562 U.S. 61, 78 (2011) ("In eliminating the pre-BAPCPA case-by-case adjudication of above-median-income debtors' expenses, on the ground that it leant itself to abuse, Congress chose to tolerate the occasional peculiarity that a brighter-line test produces.").

[4] If the Debtor's disposable income changes (e.g. sells either her primary residence or the Camper) during the pendency of her bankruptcy case, the Trustee can file a motion under section 1329 to have the Debtor's plan modified. By the Debtor selling one of the two assets, her disposable income will increase and allow the court to modify the plan pursuant to section 1329(a)(1). *See Germeraad v. Powers*, 826 F.3d 962, 971 (7th Cir. 2016).